UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YEZID SHABANA,

      Petitioner,

v.                                    Case No. 2:26-cv-805-JES-NPM

SECRETARY, U.S. DEPT. OF
HOMELAND SECURITY, et al.,

      Respondents.
_____/

**OPINION AND ORDER**

Petitioner Yezid Shabana, an immigration detainee currently held at the Glades County Detention Center initiated this action by filing a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus.  (Doc. 1).  Respondents filed a response and a supplemental response to the petition.  (Doc. 3; Doc. 8).  Upon review of the parties' filings, the Court finds that a reply is unnecessary, and the petition must be granted.

**I.    Background**

Shabana is a native and citizen of Palestine who entered the United States as a student in 2023.  (Doc. 8 at 2).  He completed his course of study on May 15, 2024.  (Id.)  He remained in the United States without authorization.  (Id.)  On August 6, 2025, Immigration and Customs Enforcement (ICE) encountered Shabana after his arrest for obtaining property worth $50,000 or more by fraud.  (Id.)

On November 13, 2025, an immigration judge ordered Shabana's removal from the United States.  (Doc. 8 at 2).  On December 17, 2025, ICE submitted a travel document request to the Israeli Embassy.  (Id.)  On March 31, 2026, ICE was advised that approvals generally take between three and six months.  (Id.)  Respondents concede that it has been more than six months from the request but argue that "this does not indicate that a crossing request is not soon forthcoming."  (Id. at 4).  Respondents request that the petition be denied but requests that—if the Court grants the petition—Shabana's release be subject to "supervision under regulations prescribed by the Attorney General."  (Id.)

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal

2

is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." Id. at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.[1]

Here, Respondents concede that Shabana has been detained for longer than six months. Because the six-month period for presumptively reasonable detention has expired, Zadvydas's burden-shifting framework applies.

Respondents argue that it made a single crossing request to the Israeli government and thus, "there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable

---

[1] The Supreme Court subsequently clarified that inadmissible aliens held in post-removal detention are also entitled to this type of individualized review after their detention exceeds six months. See Clark v. Martinez, 543 U.S. 371 (2005) (extending Zadvydas's holding to inadmissible aliens as a matter of statutory interpretation).

future." (Doc. 8-1 at 2). They do not claim that Israel has agreed to accept him (or routinely accepts deportees) or describe any other actions taken to effectuate Shabana's removal to Israel in the 189 days he has been detained in immigration custody. Under, Zadvydas, this is insufficient to show a realistic likelihood of Shabana's removal in the reasonably foreseeable future.[2] See Douglas v. Baker, 812 F.Supp.3d 525, 532 (D. Maryland Oct. 24, 2025) ("[T]he deference baked into the Zadvydas standard does not permit the government to detain a noncitizen and then sit on its hands. Such inaction, or lack of progress in effectuating removal, is precisely what Zadvydas forbids.").

### III. Conclusion

The Court finds no significant likelihood that Shabana will be removed in the reasonably foreseeable future. He is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision. If Shabana fails to comply with the conditions of release, he may be subject to

---

[2] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

criminal penalties—including further detention.  See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Shabana to "assur[e] [his] presence at the moment of removal."  Zadvydas, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

1.   Yezid Shabana's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2.   Respondents shall release Shabana within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 22, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE